UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,
                              Plaintiff,

                    -v-

JOHN DOE, *subscriber assigned IP
address 70.19.45.152,*
                              Defendant.

25-CV-1286 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Strike 3 Holdings, LLC alleges that unidentified Defendant "John Doe" distributed Plaintiff's copyrighted movies in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. (ECF No. 1.)  The movies at issue contain pornographic material.  Plaintiff filed a motion seeking permission to take expedited discovery from third-party Internet Service Provider Verizon Internet Services ("Verizon"), to identify John Doe's name and address. (ECF No. 7 ("Mot.").)

The Court concludes that there is good cause to allow some expedited discovery in this case because, without it, Plaintiff will not be able to ascertain the identity of John Doe or to effect service on him.  Absent a court-ordered subpoena, Verizon, which qualifies as a "cable operator" for purposes of 47 U.S.C. § 522(5), is effectively prohibited by 47 U.S.C. § 551(c) from disclosing John Doe's identity to Plaintiff.  *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241-42 (S.D.N.Y. 2012) ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers.").

That said, "[t]he fact that a copyrighted work was illegally downloaded from a

certain IP address does not necessarily mean that the owner of the IP address was the

infringer." *Malibu Media, LLC v. Does 1-5*, No. 12-CV-2950, 2012 WL 2001968, at *1

(S.D.N.Y. June 1, 2012) (citing *In re BitTorrent Adult Film Copyright Infringement Cases*,

Nos. 11-3995, 12-1147, 12-1150, 12-1154, 2012 WL 1570765, at *3 (E.D.N.Y. May 1,

2012)).  The true infringer could be a third party who had access to the internet connection,

such as a child, neighbor, or houseguest.  *Id.*  Thus, there is a real risk in a case such as this

one that a defendant might be falsely identified and forced to defend himself against

unwarranted allegations, or even coerced into an unjust settlement.

 This risk is exacerbated by the subject matter of this case.  "[T]he nature of the

alleged copyright infringement—the downloading of an admittedly pornographic movie—

has the potential for forcing coercive settlements, due to the potential for embarrassing the

defendant[], who face[s] the possibility that plaintiff's thus-far-unsubstantiated and perhaps

erroneous allegation will be made public." *Digital Sins, Inc. v. John Does 1-245*, No. 11-

CV-8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); *see also Next Phase Distrib.,*

*Inc. v. Does 1-138*, No. 11-CV-9706, 2012 WL 691830, at *1-2 (S.D.N.Y. Mar. 1, 2012)

("The Second Circuit has set forth a non-exhaustive list of factors that district courts are to

consider when deciding a motion to proceed anonymously, including . . . the highly

sensitive nature and privacy issues that could be involved with being linked to a

pornography film . . . .").  The Court therefore agrees with Plaintiff that it is "appropriate to

issue a protective order establishing procedural safeguards" in this case.  (*See* Mot. at 13.).

Accordingly, it is hereby:

 ORDERED that Plaintiff is allowed to conduct immediate discovery on Verizon with

a subpoena under Federal Rule of Civil Procedure 45 seeking John Doe's name and current

2

and permanent address.  The subpoena shall have a copy of this order attached.

IT IS FURTHER ORDERED that Plaintiff shall immediately serve a copy of this

order on Verizon and that Verizon shall serve a copy of this order on John Doe.  Verizon may

serve John Doe using any reasonable means, including written notice sent to John Doe's last

known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe shall have 60 days from the date of

service of this order upon him or her to file any motions with this Court contesting the

subpoena (including a motion to quash or modify the subpoena), as well as any request to

litigate the subpoena anonymously.  Verizon may not turn over John Doe's identifying

information to Plaintiff before the expiration of this 60-day period.  Additionally, if John Doe

or Verizon files a motion to quash the subpoena, Verizon may not turn over any information

to Plaintiff until the issues have been addressed and the Court issues an order instructing

Verizon to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60-day period lapses without John Doe or

Verizon contesting the subpoena, Verizon shall have 10 days to produce the information

responsive to the subpoena to Plaintiff.  If John Doe moves to quash or modify the subpoena,

or to proceed anonymously, he or she shall at the same time as his or her filing also notify

Verizon so that Verizon is on notice not to release John Doe's contact information to

Plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that Verizon shall preserve any subpoenaed information

pending the resolution of any timely motion to quash.

IT IS FURTHER ORDERED that Verizon shall confer with Plaintiff and shall not

assess any charge in advance of providing the information requested in the subpoena.  If

Verizon elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

The Clerk of Court is directed to close the motion at ECF No. 6.

SO ORDERED.

Dated: March 7, 2025
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

4